IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE ASSOCIATED PRESS; CABLE NEWS NETWORK, INC.; THE NEW YORK TIMES CO.; POLITICO LLC; AND WP CO., LLC, d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | Case: 1:19-mc-00029<br>Assigned To : Kelly, Timothy J.<br>Assign. Date : 2/25/2019<br>Description: Misc. |

## MOTION FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS

The Associated Press ("AP"), Cable News Network, Inc. ("CNN"), The New York Times Company ("The Times"), POLITICO LLC ("Politico") and WP Co., LLC, d/b/a/ the Washington Post (the "Post") (collectively, the "Media Coalition"), by and through their undersigned attorneys, respectfully move this Court pursuant to Local Criminal Rule 57.6 for an order unsealing certain court records pertaining to the investigation by Special Counsel Robert Mueller into possible links between the campaign of President Donald Trump and Russian efforts to influence the 2016 election (the "Russia Investigation"). Specifically, and as described more fully in the accompanying Memorandum of Points and Authorities in Support of this Motion, the Media Coalition seeks access to the warrants, applications, supporting affidavits, and returns relating to all search or seizure warrants pertaining to the Russia Investigation (the "Warrant Materials"), in particular those related to *United States v. Roger J. Stone, Jr.* ("*Stone*"), No. 1:19-cr-00018-ABJ (D.D.C. Jan. 24, 2019).

**Factual and Procedural Background:**

Insofar as publicly disclosed, the Special Counsel's office has to date filed ten criminal actions against 33 defendants in this Court (the "Special Counsel Defendants"). Most of the

Special Counsel Defendants have pleaded guilty. Those cases other than the one against Stone are:

- *United States v. Papadopoulos*, No. 1:17-cr-00182-RDM (D.D.C. Oct. 3, 2017) (guilty plea entered Oct. 5, 2017).

- *United States v. Manafort*, No. 1:17-cr-00201-ABJ-1 (D.D.C. Oct. 17, 2017) (guilty plea entered Sept. 14, 2018).

- *United States v. Gates*, No. 1:17-cr-00201-ABJ-2 (D.D.C. Oct. 17, 2017) (guilty plea entered Feb. 23, 2018).

- *United States v. Flynn*, No. 1:17-cr-00232-EGS (D.D.C. Nov. 30, 2017) (guilty plea entered Dec. 1, 2017).

- *United States v. Pinedo*, No. 1:18-cr-00024-DLF (D.D.C. Feb. 7, 2018) (guilty plea entered Feb. 12, 2018).

- *United States v. van der Zwaan*, No. 1:18-cr-00031-ABJ (D.D.C. Feb. 16, 2018) (guilty plea entered Feb. 20, 2018).

- *United States v. Internet Research Agency, et al.*, No. 1:18-cr-00032-DLF (D.D.C. Feb. 16, 2018).

- *United States v. Kilimnik*, No. 1:17-cr-00201 (D.D.C. June 8, 2018) (superseding indictment).

- *United States v. Netyksho, et al.*, No. 1:18-cr-00215 (D.D.C. July 13, 2018).

An unknown number of warrants related to these actions and other aspects of the Russia Investigation remain under seal.

The Special Counsel's Office has stated that will provide materials related to dozens of search warrants to Stone in discovery. Govt.'s Resp. to Def.'s Obj. to Notice of Designation of Pending Related Crim. Case at 4, *Stone*, (D.D.C. Feb. 15, 2019), Dkt. 37. As is discussed in further detail in the accompanying Memorandum of Points and Authorities, the FBI also executed search warrants at Stone's Florida and New York residences and his Florida recording studio.

**Applicants' Interest in the Matters:**

The Media Coalition seeks access to the Warrant Materials to fulfill their role of informing the American public about issues fundamental to our democracy. The Russia Investigation goes to the heart of the integrity of the political process, the potential corruption or other misconduct of the President of the United States and his closest advisers—or, as some of the President's supporters have argued, a corrupt conspiracy by some in law enforcement to harm the President—and the ability of the justice system to fairly and effectively investigate and, where necessary, prosecute any of these potential crimes. *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1092-93 (D.C. Cir. 2014) (recognizing "weighty public interest in shining a light on the FBI's investigation of major political corruption" and importance of materials that "shed light on how the FBI and the DOJ handle the investigation of crimes that undermine the very foundation of our government"). Already, the President's former national security adviser, his former campaign chairman and his deputy, and a former campaign aide have pleaded guilty to committing felonies. And, of course, one of the ultimate questions in the Russia Investigation is whether the President himself unlawfully attempted to influence or obstruct the probe. The gravity and importance of this criminal investigation is second to none in our nation's history, and therefore the public's interest in the transparency of that investigation could not be greater. As set forth in the accompanying Memorandum of Points and Authorities, the public has a qualified right of access to these materials under the First Amendment and the common law, and no compelling governmental interests justify the continued wholesale sealing of the Warrant Materials and Manafort Records.

**Relief Requested:**

By this Motion, the Media Coalition seeks access to the Warrant Materials. The Warrant Materials to which the Media Coalition seeks access include all warrants, applications, supporting affidavits, and returns relating to all search or seizure warrants pertaining to the Russia Investigation. For those materials already produced to Stone, the Media Coalition seeks access to them in the form produced to Stone.

This miscellaneous action is related to *United States v. Stone*, No. 1:19-cr-00018-ABJ (D.D.C. Jan. 24, 2019), and the criminal prosecutions of the other Special Counsel Defendants: *United States v. Papadoupoulos*, No. 1:17-cr-00182-RDM (D.D.C. Oct. 3, 2017); *United States v. Gates*, No. 1:17-cr-00201-ABJ-2 (D.D.C. Oct. 17, 2017); *United States v. Flynn*, No. 1:17-cr-00232-EGS (D.D.C. Nov. 30, 2017); *United States v. Pinedo*, No. 1:18-cr-00024-DLF (D.D.C. Feb. 7, 2018); *United States v. van der Zwaan*, No. 1:18-cr-00031-ABJ (D.D.C. Feb. 16, 2018); *United States v. Internet Research Agency, et al.*, No. 1:18-cr-00032-DLF (D.D.C. Feb. 16, 2018); *United States v. Kilimnik*, No. 1:17-cr-00201 (D.D.C. June 8, 2018); and *United States v. Netyksho, et al.*, No. 1:18-cr-00215 (D.D.C. July 13, 2018); and any and all warrant actions pertaining to the Russia Investigation whose case numbers and dockets remain sealed.

WHEREFORE, for the reasons stated herein and in the accompanying Memorandum of Points and Authorities, the Media Coalition respectfully requests that the Court enter an order unsealing the requested Warrant Materials.

## REQUEST FOR HEARING

The Media Coalition respectfully requests an oral hearing on this Motion.

Respectfully submitted,

Dated: February 25, 2019                BALLARD SPAHR LLP


By:  /s/ Jay Ward Brown

Jay Ward Brown (D.C. Bar No. 437686)
brownjay@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 508-1136
F: (202) 661-2299

*Counsel for The Associated Press; Cable News Network, Inc.; The New York Times Co.; POLITICO LLC; and WP Co., LLC, d/b/a/ the Washington Post*