UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE ASSOCIATED PRESS; CABLE NEWS NETWORK, INC.; THE NEW YORK TIMES CO.; POLITICO LLC; AND WP CO., LLC , d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | Misc. Action No. 19-0029 (ABJ) |

## ORDER

The Rules of the United States District Court of the District of Columbia govern the internal assignment of applications for relief filed in criminal cases by persons who are not parties to the case. Local Rule 57.6 provides:

> Any news organization or other interested person, other than a party or a subpoenaed witness, who seeks relief relating to any aspect of the proceedings in a criminal case shall file an application for such relief in the Miscellaneous Docket of the Court. . . . The application shall be served on the parties to the criminal case and shall be referred by the Clerk to the trial judge assigned to the criminal case for determination.

LCrR 57.6.

The implementation of that rule has been complicated in this case by the fact that the application seeks access to records related to eight pending criminal matters assigned to four different judges of this court. *See* Mot. for Public Access to Certain Sealed Ct. Rs. [Dkt. # 1] at 2. While there are general legal principles involving the need to balance the First Amendment right of public access to court records against the government's need for secrecy in ongoing criminal

1

investigations that pertain to all of the cases, there may be unique facts or circumstances that militate for or against disclosure in any particular case. Therefore, it is hereby ORDERED that:

> The instant application, 19-mc-0026, shall be deemed to be limited to a request for court records related to *United States v. Stone*, 19-cr-0018-ABJ, *United States v. Netyksho*, 18-cr-0215-ABJ, *United States v. van der Zwaan,* 18-cr-0031-ABJ, and *United States v. Manafort, Gates, and Kilimnik*, 17-cr-201-ABJ;
>
> Applicants may refile separate motions with respect to: 1) *United States v. Flynn,* 17-cr-232-EGS; 2) *United States v. Papadopoulos,* 17-cr-182-RDM; and 3) *United States v. Pinedo,* 18-cr-024-DLF and *United States v. Internet Research Agency, et. al,* 18-cr-32-DLF, and the Clerk shall refer each to the trial judge assigned to the criminal case or cases involved; and
>
> pursuant to the Local Rule, the separate applications shall be served on the parties to the criminal case or cases.

The Court notes that with respect to *United States v. Manafort, et al.*, 17-cr-201-ABJ, the Court has already ruled on a similar motion brought by the same plaintiffs with respect to sealed materials, including "Warrant Materials" as that term was defined in that case. *See In re Application of the Associated Press; Cable News Network, Inc.; the New York Times Co.; and WP Co., LLC*, 18-mc-0041-ABJ. Therefore, in its response to this motion, the government must indicate whether any materials considered in 18-mc-0041-ABJ that have not already been released in their entirety fall within the definition of "Warrant Materials" set forth in the applicants' memorandum of points and authorities in this case, i.e., "warrants, applications, supporting affidavits, and returns relating to all search or seizure warrants relevant to the prosecution of Roger J. Stone, Jr." Mem. of P. & A. in Supp. of Mot. for Public Access [Dkt. # 1-1] at 1. Also, the government's response, in a sealed attachment if necessary, must list all of the warrants that fall within the category covered by the motion and indicate whether they have already been provided to defendant Stone or disseminated in any way.

It is ORDERED that the government shall respond to the motion for public access as set forth above by March 15, 2019, any response to the motion on behalf of defendant Roger Stone is due by March 29, 2019, and the applicants' reply, if any, is due by April 12, 2019.  It is FURTHER ORDERED that the government shall provide a copy of this order to counsel for defendant Roger Stone.

SO ORDERED.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  March 1, 2019